UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ELODI MADRIGAL LEMOS,<br>　　　　　　　　Defendant. | Case No.  MJ18-5162<br><br>DETENTION ORDER |

　　　　THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that: no condition or combination of conditions will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community. 18 U.S.C. Sect. 3142(e).

　　　　The Court will not consider either the probability of removal due to immigration proceedings, or an immigration detainer. *United States v. Santos-Flores,* 794 F.3d 1088, 1092 (9th Cir. 2015).

　　　　A presumption of detention – under 18 U.S.C. Sect. 3142(e)(3)(A) -- applies in this situation, because the defendant is charged with Distribution of Methamphetamine, involving 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, under 21 U.S.C. Sect. 812, Schedule II and Sect. 841(a)(1), 841(b)(1)(A). Dkt. 1, Complaint. The defendant has not overcome the presumption. The government met its burden of proving by a preponderance of the evidence that the defendant presents a significant risk of flight or non-appearance based on the defendant's history concerning evading the immigration laws of the United States and using a different name and date of birth (Remando Valdez, and birth date May 9, 1965, which the defendant started using in approximately 1983). Dkt. 21, First Supplemental Pretrial Services Report at 3.

　　　　The Court also finds the government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to others and to the community. As the Government pointed out during the detention hearing, the defendant was involved with a drug distribution effort where the investigators seized approximately eight pounds of methamphetamine. In addition, approximately one pound of methamphetamine was seized from the cooperating defendant, allegedly distributed by the defendant. Dkt. 1, Complaint at 3, 6.

　　　　Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions of release that would effectively mitigate the potential for danger to the community, or risk of flight or non-appearance. Even with diligent supervision, every phone call to or from the defendant cannot be monitored. Nor would the probation and pretrial services professionals be able to control other people who might come to the residence where the defendant may be residing.

　　　　Although the defendant has positive relationships with his family, and substantial ties to the community in California where he resides, the proposed placement does not appear to be stable or reliable in terms of regulating his ability to control his behavior at this time. Dkt. 20-1 (Letters of support from family and community members). The defendant has not had gainful, lawful employment since 2015. He allegedly delivered eight pounds of methamphetamine by using a runner and making arrangements by phone. There is a significant risk of danger to the community because of the amount of methamphetamine that Mr. Madrigal Lemos allegedly distributed, and the Court may draw a reasonable inference that Mr. Madrigal Lemos was likely a person who holds or held a position of leadership in the illegal drug distribution organization. The cooperating defendant had $35,000 in cash and approximately one pound of methamphetamine, suggesting that he or she was a courier who worked for the organization. Mr. Madrigal Lemos was allegedly involved in setting up a transaction by phone for approximately eight pounds of methamphetamine. According to the Government, the amount of methamphetamine involved here would be the equivalent of about 30,000 to 40,000 individual doses of methamphetamine. This shows extreme danger to the community because of the defendant's alleged involvement in distributing methamphetamine – an illegal drug with very destructive and addictive qualities.

　　　　The defendant asserted that he would be unlikely to flee to Mexico, but the Court is concerned about the defendant's potential risk of non-appearance, based on his use of an alias for many years – as a means to avoid detection for purposes of evading immigration laws of the United States. An alias could also be used to avoid detection and arrest in the event that the defendant deviated from the conditions of supervision or absconded from pretrial supervision.

This finding is based on 1) the nature and circumstances of the offense(s) charged, 2) the history and characteristics of the person; and 3) the nature and seriousness of the danger release would impose to any person or the community; and (4) the potential for flight or failure to appear.

*Order of Detention*

- The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
- The defendant shall be afforded reasonable opportunity for private consultation with counsel.
- The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

July 5, 2018

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge